**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EVELYN MURRAY,** | § | |
| | § | |
| | § | |
| | § | **CIVIL ACTION NO:** |
| *Plaintiff*, | § | |
| | § | **JURY DEMANDED** |
| **v.** | § | |
| | § | |
| **PORTS AMERICA TEXAS INC.,** | § | |
| **d/b/a PORTS AMERICA** | § | |
| **MANAGEMENT CORP** | § | |
| | § | |
| *Defendant*. | § | |

---

## PLAINTIFF'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, EVELYN MURRAY, (hereinafter referred to as "Ms. Murray" or "Plaintiff") in the above-referenced matter, complaining of and about PORTS AMERICA TEXAS INC. d/b/a PORTS AMERICA MANAGEMENT CORP, (hereinafter referred to as "port America" or "Defendant"), and for cause of action files this Original Complaint, showing to the Court as follows:

**I.**
**PARTIES**

1.      Plaintiff, Evelyn Murray, is an individual residing in Brazoria County, Texas. Plaintiff is a citizen of the United States and the State of Texas.

Defendant, Ports America Texas Inc. d/b/a Ports America Management Corp, is a foreign limited partnership and operating in the State of Texas, and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service

Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

## II.
## JURISDICTION

3.        This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: Title VII of the Civil Rights Act of 1964 (as amended) (which is codified in 42 U.S.C.) §§ 2000e-2(a) and 2000e-3(a)) (hereinafter referred to as "Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. (as amended by the Civil Rights Act of 1991) (which is codified in 29 U.S.C. § 621 et seq). (hereinafter referred to as the "ADEA"); and 42 U.S.C. § 1981 (hereinafter referred to as "§ 1981").

4.        This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as plaintiff's causes of action arises under a federal statute, 42 U.S.C. § 12101 *et seq.,* the Americans with Disabilities Act Amendments Act of 1990, as amended, ("ADAAA"), and title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

5.        This suit arises under Section 1981 of the Civil Rights Act of 1866, as amended. Therefore, this court has subject matter jurisdiction pursuant to Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

6.        Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's similar state claims arise under the Texas Commission on Human Rights Act, which is codified in Chapter 21 of the Texas Labor Code, Texas Labor Code § 21.001 et seq. (hereinafter referred to as the "TCHRA"), because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article

3 of the United States Constitution.

7.      Moreover, the venue is proper in the Southern District of Texas – Houston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

### III.
### NATURE OF ACTION

8.      This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended. Plaintiffs allege that they were discriminated against on the basis of age, race and retaliated against for pursuing an activity protected by Title VII.

9.      This is an action against Defendant for violations of the Americans with Disabilities Act of 1990, as amended ("ADAAA"), 42 U.S.C. §§ 12101, *et seq.* and Title VII on the grounds that Plaintiff, Evelyn Murray was discriminated against in violation of Title VII for race discrimination. Additionally, Plaintiff complaints that Defendant discriminated against her on the basis of her disability in violation of the ADAAA.

10.      This is an action brought pursuant to Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 to correct and recover for Defendant's unlawful employment practices on the basis of Plaintiff's race (African American).

11.      This is an action brought pursuant to Title VII and the TCHRA on the grounds that Plaintiff was discriminated and retaliated against because of Plaintiff's race (African American). The action is to correct and recover for Defendant's unlawful employment practices on the basis of the Plaintiff's race including the discrimination and retaliation based on Plaintiff's protected activities involving her race and complaints of racial discrimination and retaliation. Additionally,

plaintiff files this action pursuant to 42 U.S.C. § 1981 to correct and recover the Defendant's unlawful employment practices on the basis of Plaintiff's race.

12.     Further, this is an action under the ADEA and the TCHRA to correct and recover for unlawful employment practices on the basis of Plaintiff's age, sixty-two (62) years old, which includes Plaintiff being discriminated and retaliated against because of her age. *See* 29 U.S.C. §621 et seq.: and Texas Labor Code § 21.001 et seq.

## IV.
## EXHAUSTION OF ADMINISTRATION REMEDIES

13.     On May 6, 2019, Plaintiff filed a Charge of Discrimination (Charge No. 460-2019-03786) with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") against Defendant for race discrimination, age discrimination, disability discrimination and retaliation. This charge was filed for discrimination and retaliation. (*See* Exhibit 1, which is attached to hereto and incorporated by reference).

14.     Subsequently, the EEOC issued Plaintiff a Notice of Right to Sue, dated August 10, 2020. (*See* Exhibit 2, which is attached hereto and incorporated by reference). Plaintiff files this lawsuit within ninety (90) days of receiving the Right to Sue notices. Therefore, this lawsuit is timely filed.

## V.
## FACTS

15.     Plaintiff is a sixty-two (62) year old African American woman. For over two (2) decades, Plaintiff worked for the Defendant as a Clerk and CIC positions.  Specifically, Plaintiff began her employment at Ports America in 1999.

16.     The Plaintiff is the only African American employee that has seniority in local 1817.

17.     On October 29, 2018, Christine Lewis (hereinafter referred to as "Ms. Lewis") made derogatory remarks to another employee in regard to a personal family matter concerning the Plaintiff in regard to a tragic loss of a family member.

18.     Ms. Lewis would would display unprofessional conduct by shouting at the Plaintiff and using profanity towards the Plaintiff.

19.     Ms. Lewis created a hostile environment for the Plaintiff and continued to use yell and use vulgar language toward the Plaintiff. Ms. Lewis continuously belittled and humiliated the Plaintiff about the recent family loss (deaths).

20.     On November 14, 2018, Ms. Lewis harassed the Plaintiff and another employee, threatening to take disciplinary actions to have them removed from their place of employment for good.

21.     On November 15, 2018, Ms. Murray submitted two complaints of discrimination against Ms. Lewis.

22.     Plaintiff was discriminated based on her age and disability, she was told by Ms. Lewis that she cannot work independently or have the ability to take productive choices.

23.     On December 14, 2018, the Plaintiff received the conclusion of the investigation of her discrimination complaints and was advised that appropriate action was taken.

24.     Ms. Lewis' treatment towards the Plaintiff remained the same.

25.     The "appropriate action" that was taken did not seem to make a change on how Ms. Lewis treated Ms. Murray. Ms. Lewis increased her yelling at Ms., Murray and went even further as to belittling Ms. Murray in from of other employees.

26.     On March 21, 2019, Ms. Lewis and Justin Gibson, CICI (hereinafter referred to as "Mr. Gibson") regarding some performance issues.  Which was later dismissed by the Stevendors Committee.

27.     On April 18, 2019, Ms. Lewis presented the Plaintiff with three disciplinary write ups. The Plaintiff was never made aware of the write ups until that day.

28.     A meeting took place. Following the meeting the Plaintiff was suspended for 30 days.

29.     Ms. Lewis' actions and treatment has made her work environment become very hostile; it has interfered with the Plaintiff's work performance.

30.     Ms. Murray has verbally reported the misconduct to Troy Gouser and was than advised to but the incidents in writing.

31.     On September 12, 2019, the Plaintiff was physically assaulted by Ms. Lewis.

32.     The assault took place in the presence of other employees. Ms. Lewis stated to Ms. Murray that she did not know how to her job and went on to calling the Plaintiff a liar.

33.     As the Plaintiff was attempting to returning a few items Ms. Lewis aggressively intruded into her personal space assaulting the Plaintiff with her body and chest, this caused the Plaintiff (62-year-old) to stumble back.

34.     The Plaintiff was again suspended for 30 days from the result of Ms. Lewis'

discriminatory and retaliatory treatment towards the Plaintiff. The Plaintiff was reprimanded for

something she did not do.

## VI.
## COUNT 1 – DISABILITY DISCRIMINATION

35.     Plaintiff incorporates by reference all of the foregoing allegations in each of the

paragraphs above as if fully set forth here.

36.     Plaintiff incorporates by reference all of the foregoing allegations in each of the

paragraphs above as if fully set forth herein.

37.      Plaintiff is a qualified individual within the meaning of the ADAAA (42 U.S.C.

§§ 121.11(2), (5)(A)).

38.     Plaintiff was an employee of Defendant under the ADAAA (42 U.S.C. § 12111(4)).

39.     Defendant regarded or perceived Plaintiff as having a disability within the meaning

of the ADAAA (42 U.S.C. §§ 12102 (1)(C), (3)(A)).

40.     Defendant discriminated against the Plaintiff on the basis of her disability in

violation of the ADAAA (41 U.S.C. § 12112).

41.     Defendant also discriminated against Plaintiff by being "regarded as" having a

disability.

42.     Finally, Plaintiff was treated differently than other employees because Ms. Lewis

opinioned that the Plaintiff cannot work independently and lacks the ability to take productive

choices.

## VII.
## COUNT 2 – TCHRA RACE DISCRIMINATION

43.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

44.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her race (African American).

45.     Defendant discriminated against the Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's race (African American), in violation of Texas Labor Code § 21.051 et seq.

## VIII
## COUNT 3 – ADEA AGE DISCRIMINATION

46.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

47.     Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her age sixty-two (62) years old.

48.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status because of Plaintiff's age, sixty-two (62) years old, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

## IX
## COUNT 4 – TCHRA AGE DISCRIMINATION

49.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

50.     Defendant intentional engaged in unlawful employment practices involving Plaintiff because of her age, sixty-two (62) years old.

51.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status because of Plaintiff's age, sixty-two (62) years old, in violation of the Texas Labor Code § 21.051 et seq.

## X
## COUNT 5 – TITLE VII RETALIATION

52.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

53.     Defendant intentionally retaliated against plaintiff because of the complaints of race discrimination made to Defendant prior to Plaintiff's suspension.

## XI

## COUNT 6 – TCHRA RETALIATION

54.     Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

55.     Defendant intentionally retaliated against Plaintiff because of the Complaints of discrimination made to Defendant in violation of the Texas Labor Code § 21.055.

## XII

## COUNT 7 – ADEA RETALIATION

56.     Plaintiff incorporates by reference all of the forgoing allegations in each of the paragraphs above as if fully set forth herein.

57.     Defendant intentionally retaliated against Plaintiff because of the complaints made to Defendant of age discrimination in violation of the ADEA.

## XII

## COUNT 8 – SECTION 1981 RACIAL DISCRIMINATION

58.     Plaintiff hereby incorporates by reference all of the forgoing allegations in each of the paragraphs above as if fully set forth herein.

59.     Pursuant to 42 U.S.C. § 1981, Plaintiff pleads a cause of action against Defendant for racial discrimination.

60.     Plaintiff was treated differently than other non-African-American employees in terms conditions of her employment. Defendant suspended Plaintiff when she was victimized by a Caucasian employee because of her race – depriving Plaintiff of equal employment rights and otherwise adversely affect her status as an employee. As a result of Defendant's discrimination, Plaintiff suffered damages (in the amount that is within the jurisdictional limits of this Court).

## XIV

## COUNT 9 – SECTION 1981 RETALIATION

61.     Plaintiff hereby incorporates by reference all of the forgoing allegations contained in the above-identified paragraphs as through fully set forth herein.

62.     Pursuant to 42 U.S.C. § 1981, Plaintiff pleased a cause of action against Defendant for retaliation. Defendant intentionally retaliated against plaintiff because Plaintiff complained to

Defendant about the race discrimination that Plaintiff experienced while being employed by Defendant.

63.     After Plaintiff's protected complaints of the racially discriminatory actions by Defendant, Plaintiff was subjected to increased discipline and subsequent suspension, which was in violation of 42 U.S.C. § 1981. As a result of Defendant's retaliation, Plaintiff suffered damages (in an amount that is within the jurisdictional limits of this Court).

## XV.
## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried in this matter. Plaintiff submits the jury demand and herein submits the jury fee.

## XVI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, EVELYN MURRAY, respectfully prays that Defendant, PORTS AMERICA TEXAS INC. d/b/a PORTS AMERICA MANAGEMENT CORP, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for:

a.  All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or any amendments thereto, including but not limited to back pay, future wages, and compensation for benefits not received;

b.  Compensatory damages, including but not limited to, emotional distress;

c.  Past, present, future physical pain and mental suffering;

d.  Punitive damages;

e.  Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

f.  Pre-judgment interest at the highest rate permitted by law;

g.  Post-judgement interest from the judgement until paid at the highest rate permitted by law;

h.  Costs of Court; and

i.  Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully Submitted,

Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District I.D. 713316
Eddie Hodges Jr.
Texas Bar No. 24116523
Southern District I.D. 3479748
2603 Augusta Dr., Suite 1450
Houston, Texas 77057
Main: (713) 742-0900
Fax: (713) 742-0951
alfonso.kennard@kennardlaw.com
eddie.hodges@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF**

*Plaintiff's Original Complaint*                                     Page **12** of **12**